```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------- x
JESSE JABLON,                   :
                                :
        Plaintiff,              :    Civil No. 3:16-cv-2107(AWT)
                                :
v.                              :
                                :
TIMOTHY M. HERBST,              :
                                :
                                :
        Defendant.              :
------------------------------- x

**ORDER RE MOTION TO DISMISS AND/OR JUDGMENT ON THE PLEADINGS**

For the reasons set forth below, the defendant's motion to dismiss (Doc. No. 19) is hereby GRANTED with respect to the liberty interest claim in Count One, and DENIED with respect to the property interest claim in Count One.

The Second Amended Complaint (Doc. No. 26) sets forth two claims in Count One: deprivation of property interest without due process of law, and deprivation of liberty interest without due process of law.  Count Two, which is not at issue in the instant motion, sets forth a claim for tortious interference with business expectancies.

With respect to the property interest claim, the defendant argues that Count One fails to state a claim because the plaintiff did not allege facts showing that he had a property interest related to his employment.  The plaintiff initially conceded this point, but subsequently filed the Second Amended

Complaint, which alleges in ¶ 5 that the human resources department of the Town of Trumbull had entered into a contract with the plaintiff making his position as Chief Administrative Officer a permanent one and appointing the plaintiff to that position. While the defendant quotes in his supporting memorandum a clause from the Town of Trumbull Charter, to the extent that clause is inconsistent with the plaintiff's factual allegation with respect to a contract, the court must, at the motion to dismiss stage, take the plaintiff's factual allegation as true. Therefore the motion to dismiss is being denied with respect to the property interest claim in Count One.

The other claim in Count One is the liberty interest claim, commonly referred to as a "stigma plus" claim. To state a stigma plus claim when termination from employment is involved:

> a plaintiff must first show that the government made stigmatizing statements about him –- statements that call into question plaintiff's "good name, reputation, honor, or integrity." . . . Second, a plaintiff must prove these stigmatizing statements were made public. And third, plaintiff must show the stigmatizing statements were made concurrently in time to the plaintiff's dismissal from government employment.

Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004) (citations and footnote omitted) (quoting Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 446 (2d Cir. 1980)).

Here, the Second Amended Complaint alleges, in ¶ 7, that the defendant warned the plaintiff that he would make every

effort he could to prevent the plaintiff from obtaining future employment, and in ¶ 9, that the defendant thereafter prohibited other employees from the Town of Trumbull from providing the plaintiff with letters of reference.  There is no allegation that the defendant made any statement about the plaintiff calling into question his good name, reputation, honor or integrity.  Thus, the plaintiff also fails to plead the second and third elements of such a claim, i.e., that stigmatizing statements were made public and they were made contemporaneously with the plaintiff's dismissal from government employment. Therefore, the motion to dismiss is being granted with respect to the liberty interest claim in Count One.

It is so ordered.

Signed this 21st day of April, 2017, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge