UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                       :
JESSE JABLON                           :   CIVIL ACTON NO.
                                       :   3:16-cv-2107-AWT
                                       :
V.                                     :
                                       :
                                       :
TIMOTHY M. HERBST                      :   AUGUST 23, 2017
_____

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO COUNT ONE OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

I.  **INTRODUCTION**

Pursuant to D. Conn. L. Civ. R. 7(a) and Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, the defendant, Timothy M. Herbst, hereby submits this memorandum of law in support of his Motion for Summary Judgment as to Count One of the plaintiff's Second Amended Complaint. In said count, the plaintiff claims that the defendant's alleged actions resulted in a violation of his property interest afforded to him under the United States Constitution. The defendant respectfully submits that summary judgment must enter as to Count One.

II. **PLAINTIFFS' ALLEGATIONS PROCEDURAL BACKGROUND & FACTS**

By way of Complaint, bearing a Docket Number of AAN-CV16-6022030-S and a Return Date of December 13, 2016, the plaintiff filed a Complaint against the defendant in the Superior Court of the State of Connecticut, Judicial District of Ansonia-Milford at Milford, Connecticut,. The Summons and Complaint were served on the defendant on November 17, 2016.

1

Thereafter, on December 22, 2016, the defendant removed the action to this Court, as the plaintiff was alleging that his civil rights were violated. By way of pleading dated February 1, 2017, the plaintiff filed an Amended Complaint. (Document 16).

In Count One of his Amended Complaint, the plaintiff alleged he is a resident of Orange Connecticut, and the defendant is the First Selectman of the Town of Trumbull. (Count One, ¶ 1-2). The plaintiff alleges that on August 26, 2013, the defendant appointed the plaintiff to the position of temporary Chief Administrative Officer, while the defendant's Chief of Staff was on maternity leave, and the plaintiff performed successfully all of the designated functions of his position. (Count One, ¶ 3-4).

The plaintiff further alleged that on December 7, 2013, the defendant terminated the plaintiff's employment solely on the ground that the plaintiff was dating the defendant's sister and later warned the plaintiff that he would make every effort he could to prevent the plaintiff from obtaining future employment. (Count One, ¶ 5-6). Additionally, plaintiff averred that the defendant did not at any time provide the plaintiff with any notice, hearing, or opportunity to defend himself, and prohibited other employees of the Town of Trumbull not to provide the plaintiff with letters of reference, causing the plaintiff economic losses and emotional distress. (Count One, ¶ 7-8).

On February 6, 2017, the defendant filed a Motion to Dismiss as to Count One. (Document 19). In response to same, the plaintiff filed an objection, wherein the plaintiff agreed "that there is no basis for concluding that he had a property interest in his position." (Document 20, pg. 3).

Thereafter, on the next day, the plaintiff filed a Second Amended Complaint. (Document 22). In said pleading, the plaintiff, in an apparent attempt to resurrect his conceded property interest claim, added a new allegation to Count One at Paragraph 5, in which the plaintiff alleges:

> 5. Thereafter, in November 2013, the Human Resources Department of the Town of Trumbull entered into a contract with the plaintiff making his position as Chief Administrative Officer a permanent one and appointing the plaintiff to that position.

(Document 22).

By way of decision, dated April 21, 2017, this Court denied defendant's Motion for Summary Judgment as to the property interest claim, solely based of the allegation of Paragraph 5 of the plaintiff's revised complaint. Therein, the Court stated:

> . . . the Revised Complaint which alleges in paragraph 5 that the human resources department of the Town of Trumbull had entered into a contract with the plaintiff making his position as Chief Administrative Officer a permanent one and appointing the plaintiff to that position. While the defendant quotes in his supporting memorandum a clause from the Town of Trumbull Charter, to the extent that clause is inconsistent with the plaintiff's factual allegation with respect to a contract, the court must, at the motion to dismiss stage, take the plaintiff's factual allegation as true. Therefore the motion to dismiss is being denied with respect to the property interest claim in Count One.

(Document 28).

As is shown below and in the attached Statement of Material Facts, the plaintiff never entered into a contract with the Town of Trumbull, his position with the Town was not permanent, his position was at-will and there were no other statutes, laws, rules, etc. prohibiting the defendant from terminating the employment relationship without cause.

### III.   LEGAL ARGUMENT

#### A.   STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to decide

3

them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution.  See, Gallo v. Prudential Residential Servs. L.P., 22 F.3d 1219, 1224 (2d Cir. 1994).  The burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  Id. citing, Fed.R.Civ.P. Rule 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).  Not all factual disputes are material.  The court considers the substantive law governing the case to identify those facts that are material.  "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

A court must grant summary judgment "if the pleading, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue of any material fact." Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  An asserted dispute over a material fact is considered "genuine" so as to defeat the motion for summary judgment, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." McCarthy v. American Int'l Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002).  Even though the burden is on the moving party to demonstrate the absence of any genuine factual dispute, the party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks and citations omitted).  He "must do more than simply show that there is some metaphysical doubt as to the material facts." Caldarola v.

4

Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (*quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." Fujitsu Ltd. V. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2002) (internal quotation marks and citation omitted). Instead, the non-moving party must produce admissible evidence that supports its pleadings. See, First Nat'l bank of Ariz. V. Cities Serv. Co., 391 U.S. 253, 289-90, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The "mere existence of a scintilla of evidence supporting the non-movant's case is also insufficient to defeat summary judgment." Niagara Mohawk Power Corp. v. Jones Chem., Inc.*,* 325 F.3d 171, 175 (2d Cir. 2003) (*quoting* Anderson, 477 U.S. at 252).

In reviewing a motion for summary judgment, the court resolves all ambiguities and draws all inferences in favor of the nonmoving party. See, Niagara Mohawk, 315 F.3d at 175. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (*quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)); *see also* Gallo; 22 F.3d at 1223-24 ("[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case.").

5

B.   **SUMMARY JUDGMENT MUST BE GRANTED AS TO COUNT ONE AS THE PLAINTIFF HAD NO CONSTITUTIONALLY PROTECTED PROPERTY INTEREST IN HIS POSITION**

As discussed above, the plaintiff contends that the defendant deprived the plaintiff of his property rights without procedural due process, in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

When addressing a procedural due process claim, the threshold inquiry is always whether the plaintiff has a property or liberty interest protected by the Constitution. Board of Regents v. Roth, 408 U.S. 564, 92 (1972). If a protected interest is identified, the Court must consider whether the government deprived the plaintiff of that interest without due process. Narumanchi v. Board of Trustees of Connecticut State University, 850 F.2d 70, 72 (2d Cir. 1988). The second step of that inquiry asks what process was due, and inquires whether the constitutional minimum was provided by the government. Id., citing Matthews v. Eldridge, 424 US 319 (1976).

Herein, because there is no genuine issue of material fact that the plaintiff did not have any constitutionally protected property interest in his position with the Town of Trumbull, plaintiff's claim fails as a matter of law and summary judgment must be granted.

While the Constitution protects property interests, it does not create them. Jackson v. Roslyn Board of Education, 652 F. Supp. 2d 332, 339 (2009).  "Property interests are created, and their dimensions are clarified by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Roth, 406 U.S. at 577.  The Supreme Court has explained that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." Id.

When a property interest relates to employment, the Court will look to the relevant law, contract, or regulation governing the employment to determine whether a property interest is protected by the Fourteenth Amendment. Ciambriello v. County of Nassau, 292 F.3d 307, 314 (2d Cir. 2002). "In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause.*" S&D Maintenance Co. v. Goldin, 844 F.2d 962, 967 (2d Cir. 1988); Taravella v. Town of Wolcott, 599 F.3d 129 (2d Cir. 2010). Thus, at will government employees generally have no due process claim arising from the termination of their employment. Luck v. Mazzone, 52 F.3d 475, 477 (2d Cir. 1995); see also White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993) ("An interest that state law permits to be terminated at the whim of another person is not a property right that is protected by the Due Process Clause."). At-will employees or temporary employees do not have a property interest in their employment. See Walker v. Daines, No. 08-cv-4861 (JG)(LB), 2009 U.S. Dist. LEXIS 62289, 2009 WL 2182387, at *8 (E.D.N.Y. Jul. 21, 2009) ("It is well-settled that a temporary or at-will employee has no property interest in his employment, and thus may not invoke the protections of the Due Process Clause.") (citing Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002)).

In this case, the Plaintiff alleges that he was "On August 26, 2013, the defendant appointed the plaintiff to the position of temporary Chief Administrative Officer while his Chief of Staff was on maternity leave." (Count One, ¶ 3). Thereafter, without any support, the plaintiff avers that "in November 2013, the Human Resources Department of the Town of Trumbull entered into a contract with the plaintiff making his position as Chief Administrative Officer a permanent one and appointing the plaintiff to that position." (Count One ¶ 5).

7

Initially, the plaintiff lacks any evidentiary basis to make said assertion.[1] Initially, in interrogatories and requests for production served upon the plaintiff, the plaintiff was asked to produce the following:

> 13. If there is a written employment agreement between the plaintiff Jesse Jablon and the Town of Trumbull which was in effect at any time during your employment at the Town of Trumbull, please produce a copy of it.

(Statement ¶ 3)

In response, the plaintiff stated:

> These materials, which include the rules and regulations of the Town, are in the possession of the defendant.

(Statement ¶ 3)

Further, the plaintiff was an "at will" employee in the office of the First Selectman, hired on a temporary basis to fill in for an employee who was on medical leave. (Statement ¶ 2, 12). There is was no written contract between the plaintiff and the Town of Trumbull relative to his employment. (Statement ¶ 3, 6). His temporary status went from September 24, 2013 until November 25, 2013. (Statement ¶ 2, 4). His appointment status went from November 27, 2013 until December 13, 2013. (Statement 5, 11, 12).

Further, the plaintiff's employment in the First Selectman's office was not controlled by any contractual agreement, labor agreement or collective bargaining agreement.[2] (Statement ¶ 6). The plaintiff's employment status was controlled exclusively by the Trumbull Town Charter. (Statement ¶ 7, 8). Pursuant to the Town of Trumbull Charter Chapter III, Executive

---

[1] As an example, the plaintiff was never classified as the "Chief Administrative Officer" in his personnel file or anywhere else. (Statement ¶ 9).

[2] Further, the plaintiff was not protected by the Civil Service rules of the Town of Trumbull and was not a member of any collective bargaining unit within the Town of Trumbull. (Statement ¶ 10).

8

Branch, Section 4, *Removal of Appointees*, "any person holding a town position for which compensation is paid, who is appointed without a fixed term, shall serve at the pleasure of the appointing authority and may be removed, without cause. . ." (Statement, ¶ 7, 8).

Accordingly, based on the foregoing, there is no genuine issue of material fact that the plaintiff had any property right or interest in his position with the Town of Trumbull. Simply put, the plaintiff was a temporary, at-will employee. In Connecticut, absent an agreement to the contrary, employment is at-will and termination can be for any reason. Torosyan v. Boehringer Ingelheim Pharms., Inc., 234 Conn. 1, 14, 662 A.2d 89 (1995).

Therefore, since the plaintiff had no constitutionally protected property interest in his position, summary judgment must be granted as to Count One of the plaintiff's Second Amended Complaint.

## IV. CONCLUSION

Wherefore, based on the foregoing, the defendant respectfully requests that this Court grant summary judgment as to Count One of the plaintiff's Second Amended Complaint.

Respectfully submitted,

THE DEFENDANT
TIMOTHY M. HERBST

BY:   /s/ *Scott R. Ouellette, Esq.*
Scott R. Ouellette, Esq.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT  06473
Federal Bar No. ct26827
Telephone: 203-234-6333
Facsimile: 203-234-6330
souellette@wwolaw.com

9

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Scott R. Ouellette*
                                        Scott R. Ouellette